1

O

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11    TRAVIS J. HARPER,                    )   Case No. CV 10-6760-DTB
                                           )
12                    Plaintiff,           )
                                           )   ORDER AFFIRMING DECISION OF
13          vs.                            )   COMMISSIONER
                                           )
14    MICHAEL J. ASTRUE,                   )
      Commissioner of Social Security,     )
15                                         )
                      Defendant.           )
16    ─────────────────────────────────── )

17          Plaintiff filed a Complaint ("Complaint") on September 15, 2010, seeking

18    review of the Commissioner's denial of his application for Supplemental Security

19    Income.  In accordance with the Magistrate Judge's Case Management Order, the

20    parties filed a Joint Stipulation ("Jt. Stip.") on July 22, 2011.  Thus, this matter now

21    is ready for decision.[1]

22    / / /

23    / / /

24

25

26          [1]     As the parties were advised in the Case Management Order, the decision
      in this case is being made on the basis of the pleadings, the Administrative Record
27    ("AR"), and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c)
      of the Federal Rules of Civil Procedure, the Court has determined which party is
28    entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

1.      Whether the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") assessment was supported by substantial evidence. (Jt. Stip. 3-10.)

2.      Whether the ALJ's credibility determination was supported by substantial evidence. (Jt. Stip. 10-16.)

**DISCUSSION**

**I.    The ALJ properly assessed plaintiff's RFC.**

Plaintiff claims that the ALJ's determination of his RFC is not supported by substantial evidence because the ALJ failed to account properly for the medical opinion of his treating physician, Dr. Arthur Amador. (Jt. Stip. 4-5.) Plaintiff began receiving mental health treatment under the supervision of Dr. Amador in May 2008, at which time plaintiff received a diagnosis of "Schizophrenia, Paranoid type," and "Polysubstance Dependence in full sustained remission." (AR 233.) In June 2009, Dr. Amador completed a Narrative Report in which he that stated, among other things, that plaintiff did not have the ability to maintain a sustained level of concentration, sustain repetitive tasks for an extended period, adapt to new or stressful situations, or interact appropriately with others. (AR 226.) Dr. Amador also opined that plaintiff's prognosis was "guarded" and that he could not complete a 40 hour workweek without decompensating. (Id.)

Despite Dr. Amador's opinion, the ALJ determined that plaintiff had an RFC for a full range of work at all exertional levels but with "some mild limitations of concentration, persistence, and pace, which might prevent him from performing the more skilled levels of work activity." (AR 21.)  The ALJ also determined that plaintiff "should have no problems performing the simple routine tasks required for the performance of unskilled work." (Id.)

The crux of plaintiff's claim in Disputed Issue One is that the ALJ's RFC determination involved a rejection of Dr. Amador's opinion without specific and

2

legitimate reasons.  (Jt. Stip. 5.)  Alternatively, plaintiff claims that the ALJ should have recontacted Dr. Amador to clarify the basis for his opinion or obtained the testimony of a vocational expert.  (Jt. Stip. 5-6.)

In evaluating medical opinions, the Ninth Circuit distinguishes among three types of physicians: (1) Treating physicians (who examine and treat), (2) examining physicians (who examine but do not treat), and (3) non-examining physicians (who neither examine nor treat).  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).  In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician.  Id.  Although a treating physician's opinion is entitled to special weight, McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989), "[t]he treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. §§ 404.1527 (d)(2) and 416.927(d)(2).  When a treating or examining physician's opinion is not contradicted by another physician, it may only be rejected for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  Where, as in this case, the treating physician's opinion is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record.  Id. at 830-31; see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008).

The ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Amador's opinion.  First, the ALJ questioned Dr. Amador's diagnosis of paranoid schizophrenia, noting that it was "apparently established on the first day that the claimant sought treatment"; that it did not appear "to be based upon objective evidence and/or a longitudinal record of

3

treatment/observations"; and that such diagnoses are typically made at a younger age (plaintiff was 49 years old at the time of the diagnosis).[2] (AR 18, 41.) On the other hand, the ALJ noted that an examining psychologist found, after a complete mental status examination, that plaintiff suffered only from a substance-induced mood disorder and polysubstance dependence by history. (AR 18, 205-12.) Because the examining psychologist's opinion was based on independent clinical findings, it constituted "substantial evidence in the record contradicting the opinion of [Dr. Amador]." See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (independent clinical findings from an examining physician may include "diagnoses that differ from those offered by another physician and that are supported by substantial evidence").

Second, the ALJ correctly found that Dr. Amador's opinion was provided on "form check boxes" and not based on a "credible mental status examination." (AR 23.) The Commissioner may properly reject a treating medical opinion that is presented in a checklist and "brief and conclusionary in form with little in the way of clinical findings" to support the conclusion. See Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 n. 3 (9th Cir. 2004). Third, the ALJ noted that Dr. Amador failed to account for plaintiff's inconsistent statements regarding the commencement date of his auditory hallucinations. (AR 23.) The medical record shows that at various times, plaintiff alleged that he began hearing voices at age 10 or 11 (AR 229), during his late teens (AR 237), and upon his release from prison in

---

[2]  Moreover, the ALJ found that plaintiff did not undergo "any type of testing to arrive at a diagnosis of paranoid schizophrenia," with no urine/blood levels or laboratory tests to check for differential diagnoses including a possible chemical imbalance or current drug use; no thyroid function/glucose tolerance tests and/or an electroencephalogram to rule out thyroid abnormalities, reactive hypoglycemia, and/or an organic cause for plaintiff's alleged symptoms/abnormalities; and no psychological testing to establish the existence of any perceptual thought disturbances and/or to rule out malingering. (AR 19.)

4

2003, when he was 44 years old (AR 30, 241).  See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (ALJ may determine that internal inconsistencies in treating physician's reports and inconsistencies with other medical opinions are material for purposes of evaluating medical evidence).  Fourth, given that any of these alleged commencement dates called into question plaintiff's failure to seek mental health treatment until May 2008, the ALJ inferred that Dr. Amador was acting as "an advocate for the claimant with regard to trying to help him obtain supplemental security income benefits." (AR 23.)  Such an inference was not improper under the circumstances.  See Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996) (the purpose for which a medical report was obtained generally does not provide a legitimate reason for rejecting the report, but it may be relevant "where the opinion itself provides grounds for suspicion as to its legitimacy," such as lack of objective medical basis or inconsistency with treatment notes) (citing Saelee v. Chater, 94 F.3d 520, 523 (9th Cir. 1996) (per curiam).)

Thus, the ALJ properly rejected Dr. Amador's opinion.

Nor do plaintiff's alternative arguments, challenging the ALJ's failure to recontact Dr. Amador or call a vocational expert, warrant a different result.  First, an ALJ is required to recontact a doctor or otherwise undertake to develop the record more fully only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination.  20 C.F.R. §§ 404.1512(e), 416.912(e); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  Neither of these circumstances applied here.  Second, the testimony of a vocational expert is required when "a non-exertional imitation is 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitation." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (quoting Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).)  Here, the record established, based on the opinion of the examining psychologist, that plaintiff only had mild psychological limitations which would not preclude him from performing simple, routine tasks.  (AR 21, 210-11.)  Such

5

limitations were not sufficiently severe so as to require the testimony of a vocational expert. See Hoopai, 499 F.3d at 1077 (holding that vocational expert testimony was not required where claimant had only "mild" and "moderate" psychological limitations).

## II.   The ALJ properly evaluated plaintiff's credibility.

Plaintiff claims in Disputed Issue Two that the ALJ's adverse credibility determination was not supported by substantial evidence. (Jt. Stip. 10-13.)

Where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester, 81 F.3d at 834; see also Dodrill, 12 F.3d at 918. Further, a credibility finding must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Factors that may be considered include: (1) The claimant's reputation for truthfulness; (2) inconsistencies in testimony or between testimony and conduct; (3) the claimant's daily activities; (4) an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment; and (5) testimony from physicians concerning the nature, severity, and effect of the symptoms of which the claimant complains. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Thomas, 278 F.3d at 958-59.

1    During the administrative hearing, plaintiff testified that he lacked the
2    concentration necessary to work; that he hears voices every day; that the voices began
3    3 to 5 years before the hearing; that he spends his days watching television and caring
4    for his dog; that he performs household chores such as washing dishes, vacuuming,
5    and mopping the floor; that he has trouble getting out of bed 3 days per week; that he
6    is forgetful; and that he could not work because his "mind will travel." (AR 29-34.)

7    The ALJ provided clear and convincing reasons for rejecting plaintiff's
8    testimony.  First, the ALJ noted that plaintiff has no restriction in his daily activities,
9    which included various household chores and the feeding and dressing of his father,
10   who has Alzheimer's disease.  (AR 19, 125, 230, 240.)  Such evidence of plaintiff's
11   daily activities, which are transferable to a work setting, constitutes a clear and
12   convincing reason to discount his subjective symptom testimony.  See Morgan, 169
13   F.3d at 600 (claimant's ability to fix meals, do laundry, work in yard, and
14   occasionally care for friend's child served as evidence of ability to work).  Second,
15   the ALJ noted, as detailed above, plaintiff's inconsistent statements with respect to
16   the commencement date of his auditory hallucinations.  (AR 23, 30, 229, 237, 241.)
17   It is well settled that an ALJ may consider such inconsistencies to find a claimant's
18   testimony not credible.  See Fair, 885 F.2d at 604 n. 5; Thomas, 278 F.3d at 958-59.
19   Third, the ALJ found that "there was no explanation for [plaintiff's] failure to seek
20   mental health treatment at any time prior to the date he filed his application for
21   supplemental security income benefits."  (AR 23.)  While there may be any number
22   of good reasons for not seeking prompt medical treatment, "a claimant's failure to
23   assert one, or a finding by the ALJ that the proffered reason is not believable, can
24   cast doubt on the sincerity of the claimant's . . . testimony."  Fair, 885 F.2d at 603.
25   Here, plaintiff failed to assert any reason for his failure to seek treatment for his
26   mental health problems, which purportedly have bothered him for several years, nor
27   is any evident from the record.
28   / / /

7

Thus, the ALJ properly evaluated plaintiff's credibility.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: November 4, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

8